NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO PARRA ROJAS, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-73279 Agency No. A206-149-939 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2020[**]
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

Armando Parra Rojas, a citizen of Mexico, petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing an appeal of an order by an

Immigration Judge (IJ) denying Parra's application for asylum, withholding of

removal, and relief under the Convention Against Torture (CAT). We have

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.    The IJ was not deprived of jurisdiction, although the original Notice to Appear did not contain a date, time, or location for the hearing. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

2.    We review a discretionary denial of asylum for abuse of discretion. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004). Although there is no definitive list of factors, all relevant favorable and adverse factors must be considered. *Id.* at 1140. Our decision in *Gomez-Sanchez v. Sessions*, 892 F.3d 985 (9th Cir. 2018) (en banc), does not require an IJ deciding whether to exercise discretion to grant asylum either to "retry[] the question of guilt," *see id.* at 994, or prohibit consideration of criminal convictions for property crimes. Nor does the record compel a finding that Parra was rehabilitated. The record reflects that the IJ considered Parra's individual circumstances and reasonably weighed them in declining to grant asylum.

3.    The IJ's findings that Parra could avoid future persecution if he moved somewhere other than his father's town, and that it would be reasonable to expect him to do so, are dispositive of the application for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(2); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). Because Parra did not challenge these findings on appeal to the BIA, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.

2004).[1]

4.    Substantial evidence supports the denial of Parra's CAT claim. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (standard of review).  The evidence before the IJ does not compel the conclusion that Parra would be tortured if returned to Mexico based on his relation to his father.  Nor does any harm experienced by Parra's cousin and half-sister, who are not members of Parra's proposed particular social groups, compel that conclusion.

Parra's petition for review is **DENIED**.  Parra's motion for a stay of removal pending this court's decision is **DENIED as MOOT**.

---

[1]    Parra also forfeited these arguments by failing to raise them in his briefs to this Court.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).